United States District Court
Southern District of Texas

**ENTERED**

December 19, 2025

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **HECTOR RAMON LOPEZ AMAYA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:25-CV-196** |
| | § | |
| **KRISTI NOEM, ET AL.,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Hector Ramon Lopez Amaya is currently in federal custody at the Webb County Detention Center in Laredo, Texas. (Dkt. No. 1 at 4; Dkt. No. 16-1 at 1).[1] Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. No. 2), Respondents' Opposition to Petitioner's Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. No. 16), and Petitioner's Reply to the Respondents' Opposition, (Dkt. No. 21). The issue before the Court is whether Petitioner, an undocumented immigrant, is entitled to a bond hearing before an Immigration Judge. This Court is not considering whether Petitioner should be released on bond, as that decision lies with an Immigration Judge.

## I. BACKGROUND

Petitioner, a citizen of Honduras, challenges his ongoing detention without a bond hearing and Respondents' statutory authority to detain him. According to his petition, Petitioner entered the United States without inspection in 2008 and has maintained continuous physical presence since then. (Dkt. No. 1 at 11). In 2017, Petitioner witnessed a crime, and he later petitioned U.S. Citizenship and Immigration Services for a

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

nonimmigrant U visa. (*Id.*). He received a bona fide determination, which granted him deferred action and employment authorization. (*Id.*; Dkt. No. 1-2 at 7). Petitioner is also applying for cancellation of removal in immigration court. (Dkt. No. 1 at 11).

Petitioner was detained by Immigration and Customs Enforcement (ICE) on September 12, 2025, for removal proceedings. (*Id.*). He was served a Notice to Appear, designating him as a noncitizen "present in the United States who has not been admitted or paroled." (Dkt. No. 1-2 at 2). At the time his federal custody began, he had been residing in the United States for approximately seventeen years. (*See* Dkt. No. 1 at 11). His federal custody began when he was released from Webb County Jail, where he was detained as a result of his arrest for indecent assault and unlawful restraint on August 29, 2025. (Dkt. No. 16-1 at 1). Petitioner's criminal history includes two convictions for illegal entry under 8 U.S.C. § 1325 in 2006 and 2009. (*Id.* at 1–2). His arrest history also includes arrests from 2005 for driving while intoxicated, resisting arrest, and assault on a public servant. (*Id.* at 2).

Petitioner filed a petition for a writ of habeas corpus, asserting that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 1). He requests, among other things, that the Court issue an order requiring the Respondents to release him or, alternatively, provide a bond hearing within seven days. Respondents argue that the Court should deny the petition and motion for a temporary restraining order.[2] They argue that Petitioner has no likelihood of success on the merits because he is subject to mandatory detention under 8 U.S.C. § 1225. (*Id.* at 12).

## II. LEGAL STANDARDS

### A. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St.*

---

[2] Respondents' opposition identifies the Federal Respondents (Noem, Bondi, Lyons, and Vergara) as the real parties in interest in this case as they "make[] the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code." (Dkt. No. 16 at 8 n.1). Respondents do not respond on behalf of Warden Garcia, claiming that he is not a real party in interest who controls the custody of Petitioner. (*Id.*). The Court will refer to the Federal Respondents as Respondents.

*Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### B. 8 U.S.C. Sections 1226 and 1225

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge (IJ)] at any time before entry of a final removal order." *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025).

### III. DISCUSSION

Respondents request that the Court deny Petitioner's petition for a writ of habeas corpus and motion for a temporary restraining order, asserting that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A). Before addressing the merits of Respondents' argument and the underlying petition, the Court considers the effect of a recently certified class.

### A. Effect of the *Maldonado Bautista* Class Action

On November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including

"[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination"). The court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). The declaratory relief granted states that Respondents' new interpretation and mandatory detention policy under Section 1225(b)(2) is unlawful. *Maldonado Bautista*, 2025 WL 3289861, at *5, 11.

Petitioner asserts that he is a class member. (Dkt. No. 23 at 2). Respondents state that they are uncertain whether Petitioner is a class member because they believe he may be subject to detention under 8 U.S.C. § 1226(c)(1)(e). (Dkt. No. 24 at 4). Section 1226(c)(1)(e) mandates detention for inadmissible noncitizens who are "charged with, [are] arrested for, [are] convicted of, admit[] having committed, or admit[] committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(e). Petitioner's criminal history includes convictions for illegal entry and arrests for indecent assault, unlawful restraint, driving while intoxicated, resisting arrest, and assault on a public servant. (Dkt. No. 16-1 at 1–2). After reviewing the criminal history provided by Respondents, the Court finds that Petitioner is not subject to mandatory detention under Section 1226(c) and is a *Maldonado Bautista* class member.

Because Petitioner is a class member, Respondents then argue that this action should be dismissed because certification of a Rule 23(b)(2) class precludes individual relief under *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988). Alternatively, Respondents argue that the Court is not bound by any judgment in *Maldonado Bautista* because there is no final judgment. Petitioner argues that Respondents are bound by *Maldonado Bautista* and must provide Petitioner with a bond hearing.

First, *Gillespie* does not warrant dismissal of this case. In *Gillespie*, the Fifth Circuit held that "[s]eparate individual suits may not be maintained for equitable relief

from allegedly unconstitutional Texas prison conditions." 858 F.2d at 1103. The justification behind barring individual relief was prudential: allowing members in the class to seek individual relief "would require other courts to become familiar with the *Ruiz* decree, the current problems of the Texas prison system, and the possible disruptive effect of the exercise of equitable powers over matters covered by the *Ruiz* decree." *Id.* Additionally, barring individual claims was warranted because individual court orders granting piecemeal relief could have hindered the *Ruiz* court's ability to enforce and modify its existing degree. *Id.*

The same prudential concerns do not apply here. First, as Petitioner argues, *Gillespie* has not been applied to dismiss a Section 2241 habeas petition. *Id.* at 1102. Second, the Fifth Circuit's reasoning that inmate plaintiffs across Texas must seek individual relief within the class action relied on the class-action court's ability to modify relief it had already granted, the burden on other courts to become familiar with Texas prisons and the existing decree, and the reluctance to allow various district courts to issue new decrees that would bind the Texas prison system. *See id.* at 1103. Here, the *Maldonado Bautista* court has granted declaratory relief that applies to the entire class. *Maldonado Bautista*, 2025 WL 3288403, at *9. Because Petitioner's claims are based on statutory interpretation, there is no need for courts to consider complicated facts like the various prison conditions in *Gillespie*. Additionally, individual relief granted here does not limit the *Maldonado Bautista* court's ability to enforce or modify its existing order. For these reasons, *Gillespie* does not warrant dismissal.

Second, Respondents are currently contesting whether the *Maldonado Bautista* court has entered a final judgment. Petitioner argues that Respondents are bound and that this Court should enforce *Maldonado Bautista*. Respondents argue that there is no final judgment and that this Court is not bound. According to the docket in *Maldonado Bautista*, the Court has entered a final judgment declaring that the Bond Eligible Class is not subject to mandatory detention, vacating Respondents' policy as contrary to law, and certifying the claims for appeal. (*Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, Dkt. Nos. 93, 94). Respondents in that case filed a notice of appeal to the Ninth Circuit. (*Id.* at Dkt. No. 95). Whether the Court is bound by this final judgment or not, the outcome of the petition in this instant case is the same: Petitioner is entitled to a

bond hearing. The Court finds that Petitioner is detained unlawfully under Section 1225(b)(2)(A) based on the independent grounds stated below, but the Court also finds that Petitioner is entitled to relief under the orders in *Maldonado Bautista*. *See Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577, at *2 (D. Minn. Dec. 2, 2025); *Mendes v. Hyde*, No. 25-CV-627, slip op. at 6 (D.R.I. Dec. 5, 2025).

### B. Petitioner Is Entitled to a Bond Hearing Under Section 1226(a)

Respondents ask the Court to deny the petition on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. The primary issue here is whether Petitioner has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing. Petitioner contends that he is entitled to a bond hearing under Section 1226(a), but Respondents argue that he is subject to mandatory detention under Section 1225(b)(2), and therefore not entitled to a bond hearing.

The difference in interpretation stems from the Government's recent reevaluation of immigration detention authority. (*See* Dkt. No. 1 at 10). The Department of Homeland Security (DHS) and the Department of Justice (DOJ) released interim guidance on July 8, 2025, announcing a new legal position on detention and release authorities. (*Id.*). The guidance interprets Section 1225 as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether or not they arrive at a port of entry. (*See id.*).

The Court has considered this issue in similar cases.[3] The substantial majority of district courts to consider this issue, including this Court, have concluded, "the statutory text, the statute's history, Congressional intent, and [Section] 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sep. 9, 2025) and

---

[3] *Padron Covarrubias v. Vergara*, No. 5:25-cv-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Ortiz-Ortiz v. Bondi*, No. 5:25-CV-132, slip op. (S.D. Tex. Oct. 15, 2025); *Perdomo Flores v. Noem*, No. 25-CV-162, slip op. (S.D. Tex. Nov. 25, 2025); *Leon Morales v. Warden of Rio Grande Processing Center*, No. 5:25-CV-141, slip op. (S.D. Tex. Dec. 11, 2025); *Luviano v. Noem*, No. 25-CV-188, slip op. (S.D. Tex. Dec. 12, 2025), *Gonzalez Rodriguez v. Bondi*, No. 25-CV-191, slip op. (S.D. Tex. Dec. 18, 2025).

citing *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337, 2025 WL 2691828, at *7 (W.D. Tex. Sep. 22, 2025)); *see also Rodriguez v. Bostock*, No. 3:25-CV-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases). Other courts have interpreted the statute differently, adopting Respondents' interpretation. *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-CV-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, slip op. (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025).

Respondents ask the Court to reconsider its interpretation of the statute and rejection of Respondents' arguments, citing *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011). The Court is not persuaded by the analysis that Respondents' arguments rely on. The Court will not repeat in detail the "well-reasoned analyses" supporting its interpretation of the statute. *See Perdomo Flores*, No. 25-CV-162, slip op. (Nov. 25, 2025) (addressing each of Respondents' arguments); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, No. 2:25-CV-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). But the Court will provide a concise summary of its statutory interpretation and the relevant persuasive authority.

### 1. Statutory Interpretation

Statutory interpretation "begins with the statutory text, and ends there as well if the text is unambiguous." *Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024) (quoting *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004). In evaluating the relevant statute here, the Court recognizes that the BIA and some district courts have found that the text unambiguously supports Respondents' interpretation of Section 1225. *Hurtado*, 29 I. & N. Dec. at 226; *Garibay-Robledo*, No. 1:25-CV-177, slip op. at 9; *Chavez*, 2025 WL 2730228, at *4.

However, the Court finds that the text of Section 1225 alone is not sufficiently clear to support Respondents' interpretation. As highlighted by other district courts, the statute is ambiguous on its face. *See, e.g.*, *Martinez-Elvir v. Olson*, No. 3:25-CV-589, 2025 WL 3006772, at *7 (W.D. Ky. Oct. 27, 2025) ("[T]he statutory text does not definitely answer what it means to be 'present' yet 'not . . . admitted' or 'arrive[d]' in the United States"). Additionally, the consistent interpretation of the statute over a 30-year period

prior to Respondents' current interpretation undercuts the argument that the statute so clearly requires mandatory detention for Petitioner. Furthermore, as the Supreme Court has explained, "oftentimes the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. So when deciding whether the language is plain, the Court must read the words 'in their context and with a view to their place in the overall statutory scheme.'" *King v. Burwell*, 576 U.S. 473, 474 (2015) (quoting *FDA v. Brown & Williamson*, 529 U.S. 120, 132 (2000)).

Here, the statutory context establishes that Section 1225 governs detention near the time of entry and Section 1226 governs detention once a noncitizen is present in the United States. *See Guerrero Orellana v. Moniz*, No. 25-CV-12664, 2025 WL 2809996, at *8 (D. Mass. Oct. 3, 2025) (quoting *Jennings*, 583 U.S. at 287, 289). This statutory scheme informs the Court's interpretation of Section 1225, which appears to govern mandatory detention for noncitizens seeking admission at the time of entry. The Court's overall interpretation of the statute aligns with this conclusion.

### 2. Persuasive Authority

Respondents argue that various persuasive authorities support their interpretation. They first cite the BIA's decision in *Hurtado*, 29 I & N Dec. 216. (Dkt. No. 16 at 23). The Court does not find *Hurtado* persuasive and need not defer to it on matters of statutory interpretation. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (observing that while "agencies have no special competence in resolving statutory ambiguities," "[c]ourts do").

Respondents also rely on seven district court cases supporting their interpretation of Section 1225. (*Id.*)(citing *Vargas Lopez*, 2025 WL 2780351; *Chavez*, 2025 WL 2730228; *Manzo Valencia v. Chestnut*, No. 1:25-CV-1550, slip op. (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, No. 1:25-CV-1519, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Garibay-Robledo*, No. 1:25-CV-177, slip op.; *Sandoval v. Acuna*, No. 6:25-CV-1467, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Cabanas*, 2025 WL 3171331). Yet there are literally hundreds of district court opinions that reach the opposite conclusion. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at app. 1 (E.D. Pa. Nov. 18, 2025) (citing 282 district court decisions). Of course, none of the decisions by other district courts are binding on this Court, and as Judge Charles Eskridge noted in his thoughtful opinion

reaching an interpretation contrary to this Court, "[u]ntil such time as the Fifth Circuit takes up this issue and gives an authoritative construction, it remains incumbent upon district courts to each make their own, independent assessment." *Cabanas*, 2025 WL 3171331, at *5.

The Court ultimately joins the majority of district courts in finding "the well-reasoned decisions of the many district courts that have rejected the Government's expansive view of 1225(b)(2) far more persuasive than the new BIA ruling, a ruling at odds with its prior decisions and DHS's actions over the past thirty years." *Salcedo Aceros v. Kaiser*, No. 25-CV-6924, 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025). For the reasons stated above, Respondents' arguments do not support that their interpretation is correct. Having considered the parties' arguments and evaluated the analyses of the various district courts around the country, the Court concludes that Section 1226(a) governs Petitioner's detention and that Petitioner is entitled to a bond hearing.

### C. Remedy

Because the Court finds that Petitioner's detention is properly construed as falling under Section 1226(a) and that he is entitled to a bond hearing, the Court grants Petitioner's petition for a writ of habeas corpus. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful detention without a bond hearing—is remedied by granting his request for a bond hearing under Section 1226(a) and enjoining Respondents from denying bond on the basis that he is detained under Section 1225(b)(2). Given the liberty interest at stake, the Court finds that if a bond hearing is not provided promptly, by the deadline ordered below.

Therefore, the Court, exercising its equitable discretion in fashioning appropriate habeas relief, further orders Respondents to immediately release Petitioner if a bond hearing is not provided by the deadline ordered below, unless and until it is determined that he should be detained pursuant to the standard set forth in 8 U.S.C. § 1226.[4] *See*

---

[4] Petitioner challenges his detention on both statutory and constitutional grounds as well as an *Accardi* violation. (Dkt. No. 1 at 12–15). The Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief he seeks based on its interpretation of the applicability of § 1226(a).'" *Buenrostro-Mendez*, No. H-25-3726, slip op. at 6 (quoting *Pizarro Reyes*, 2025 WL 2609425, at

*e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *10 (E.D. Mich. Aug. 29, 2025); *Velasquez Salazar*, 2025 WL 2676729, at *9; *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *13.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, (Dkt. No. 2), is **DENIED** as moot.

The Court **ORDERS** Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) **by December 29, 2025.** If Petitioner is not provided a bond hearing, Respondents are **ORDERED** to release Petitioner **by December 29, 2025.** If Petitioner is released, Respondents must notify Petitioner's counsel of the exact time and location of release **no less than two hours** before his release.

No later than **December 31, 2025, at 5:00 p.m.,** the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. The parties should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

It is so **ORDERED**.

**SIGNED** on December 19, 2025.

John A. Kazen
United States District Judge

*8).