Case 5:25-cv-00196   Document 32   Filed 03/05/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **HECTOR RAMON LOPEZ AMAYA,** | § § § | |
| Petitioner, | § | |
| V. | § § | CIVIL ACTION NO. 5:25-cv-00196 |
| **KRISTI NOEM,** *et al.*, | § § § | |
| Respondents. | § | |

### ORDER

Before the Court is Petitioner's Opposed Motion for Dismissal. (Dkt. No. 31). Petitioner filed the petition to challenge his detention in federal immigration custody. On December 19, 2025, the Court granted in part and denied in part Petitioner's petition. (Dkt. No. 27). The Court ordered Respondents to release Petitioner unless he was provided with a bond hearing no later than December 29, 2025. (*Id.* at 10). According to Respondents' Status Update, (Dkt. No. 28), Petitioner's bond hearing was held on December 29, 2025, and an Immigration Judge denied Petitioner bond. (*Id.* at 2; Dkt. No. 28-1 at 1). The Court also denied Petitioner's request for attorney's fees. (Dkt. No. 29).

The Court ordered the parties to inform the Court how they would like to proceed. (*Id.*). Respondents state that they are unopposed to the entry of a final judgment. (Dkt. No. 30). Petitioner files an opposed motion for dismissal under FRCP 41(a)(2). (Dkt. No. 31). Petitioner also informed the Court that he was granted a voluntary departure in immigration court. (*Id.*). Respondents have not filed a response to Petitioner's motion.

The Federal Rules of Civil Procedure may apply in habeas corpus proceedings. Rules Governing Section 2254 Cases 1(b), 12 (applying Section 2254 Rules to other habeas corpus petitions and then applying the FRCP to these rules). The rules provide that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether to grant dismissal under this provision lies within the sound discretion of the trial court. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991). Unless the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a

second lawsuit[,]" a district court should exercise its discretion to grant a motion for voluntary dismissal. *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, Petitioner requests that the Court grant his motion for voluntary dismissal. Respondents oppose dismissal, but they have not responded to Petitioner's motion. The Court will exercise its discretion to grant the motion because there is no plain legal prejudice that Respondents will suffer as a result of dismissal, especially given that Petitioner was denied bond and granted a voluntary departure from the United States.

As such, Petitioner's Opposed Motion for Dismissal, (Dkt. No. 31), is **GRANTED**. Petitioner's claims against Respondents are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is hereby **DIRECTED** to terminate the case.

It is so **ORDERED**.

**SIGNED** on March 5, 2026 at Laredo, Texas.

_____
John A. Kazen
United States District Judge